```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

UNITED STATES OF AMERICA,

          -against-

TYSHAWN CORBETT, et al.

----------------------------------------X
```

**MEMORANDUM AND ORDER ON GOVERNMENT'S MOTION FOR RECONSIDERATION**

20-cr-213(KAM)

**MATSUMOTO, United States District Judge:**

On August 21, 2020, this Court issued a Memorandum and Order granting Defendants' motion to inspect "records and papers used in connection with the constitution of the Master and Qualified Jury Wheels in this district, pursuant to the Fifth and Sixth Amendments to the United States Constitution and the Jury Selection and Service Act ('JSSA'), 28 U.S.C. §§ 1867(a) and (f)." Motion to Inspect Grand Jury Records, ECF No. 10 at 1;[1] Order Granting Motion to Inspect Grand Jury Records, ECF No. 85. On September 2, 2020, the Government filed the instant Motion for Reconsideration of the Court's Order Granting Defendants' Motion to Inspect Grand Jury Records, and to stay the Court's August 21, 2020 Order. Motion for Reconsideration

---

[1] The motion to inspect grand jury records was initially filed by defendant Qawon Allen and was subsequently joined by all other defendants. *See* Defense Motions at ECF Nos. 12, 29, 33, 34, 43, 46. The court treated the motion as filed on behalf of all defendants, and granted for all.

1

of Order Granting Defendants' Motion to Inspect Grand Jury Records ("Mot. for Reconsideration"), ECF No. 91.  On September 4, 2020, Defendants filed a response to the Government's motion.  Defendants' Response to Government's Mot. for Reconsideration ("Defs. Resp."), ECF No. 93.  On September 6, 2020, the Government filed its reply.  Government's Reply to Defs. Resp. ("Gov't Reply"), ECF No. 04.  For the reasons set forth below, the Court denies the Government's motion for reconsideration and to stay its August 21, 2020 Order.

## BACKGROUND

The Court incorporates by reference the background of this case and legal analysis detailed in its August 21, 2020 Order, and only briefly summarizes here.  *See* ECF No. 85.  A grand jury of this district was empaneled on October 10, 2019 and, on June 18, 2020, returned delivered an indictment on counts of, *inter alia*, racketeering, assault, murder, conspiracy, and firearm possession against the Defendants.  The work of the grand jury had been interrupted due to the COVID-19 pandemic.  *Id.*; Response to Motion to Inspect Grand Jury Records, ECF No. 27 at 3.  This Court's August 21, 2020 Order subsequently granted Defendants' motion to inspect the grand jury records at issue pursuant to the JSSA, and denied Defendants' motion to dismiss the indictment without prejudice

2

to refile after a review of the grand jury records.[2] The Government subsequently filed its instant motion for reconsideration and for a stay.

## STANDARD OF REVIEW

"A motion for reconsideration should be granted only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.,* 729 F.3d 99, 104 (2d Cir. 2013) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.; see also* Local Rule 6.3; *United*

---

[2] The government's opposition to the coordinated review of grand jury records in the Eastern District was opposite from the government's proactive coordination of grand jury records with defense counsel in the Southern District, despite being faced with the same motions to inspect grand jury records. *See generally* Defendant's Sur-Reply, ECF No. 71 at 1 and Exh. B (attaching July 14 Joint Letter, *United States v. Balde*, 20-CR-281 (KPF) (S.D.N.Y)).

3

*States v. Yannotti,* 457 F. Supp. 2d 2385, 388-89 (S.D.N.Y. 2006).

## DISCUSSION

The government raises three bases for reconsideration of the court's order. First, the government asserts that the Court failed to consider the decisions issued by its learned colleagues on the district court. Second, the government claims the court based its decision in part on facts in a footnote describing the government's different postures in the Eastern District of New York and the Southern District of New York on the same issue. Third, the government argues that the disclosures ordered exceed the bounds of the JSSA. The court briefly addresses each of the government's arguments in turn.

First, the decisions of the Court's learned colleagues in the district are not "controlling decisions," and certainly are not decisions the court "overlooked." *Shrader,* 70 F.3d at 257. At the time of this Court's decision, it was aware of orders by other judges in this district on similar motions. This Court's analysis yielded a different outcome for the reasons stated in its order. *See, e.g.,* Status Conference Minute Entry on Aug. 3, 2020 (in response to questioning from the Court on other cases in the district with the same pending motion, counsel "represented that the Federal Defenders would be willing to coordinate with counsel who have similar pending

4

motions in cases across the district"); Defense Letter Regarding Coordination of Grand Jury Requests, ECF No. 78 (listing pending cases with motions to inspect grand jury records).[3]

Second, the government makes much of a footnote in the Court's decision wherein the Court noted the government's inconsistent approach to the same motion pending in cases indicted in the Eastern and Southern Districts.  The government failed to offer an explanation for why it consented, for the most part, to the identical requests for grand jury information in the Southern District and opposed the requests in the Eastern District.  *See* ECF No. 85 at 7 n.2.  Despite arguing that the court inappropriately relied upon *United States v. Saipov,* No. 17-CR-722 (VSB), 2020 WL 915808 (S.D.N.Y. Feb. 26, 2020) and *United States v. Simmons,* 20-CR-294 (PKC) (S.D.N.Y.), ECF Dkt. No. 11, for their lack of analysis, the government relies on those cases now to argue that the government in the Southern

---

[3]     The government also inconsistently argues that the Court should not afford persuasive authority to *United States v. Saipov,* No. 17-CR-722 (VSB), 2020 WL 915808 (S.D.N.Y. Feb. 26, 2020) and *United States v. Simmons,* No. 20-CR-294 (PKC) (S.D.N.Y.), ECF Dkt. No. 11, because prior district court holdings with a "lack of analysis" are "not controlling, let alone particularly persuasive, authority." *Gomez v. Kaplan,* No. 94-CV-3292 (CSH), 2000 WL 1458804, at *8 (S.D.N.Y. Sept. 29, 2000).  However, the government itself bases aspects of its argument on concise Eastern District docket orders concerning motions to inspect grand jury records.  *See, e.g., United States v. Cruz,* No. 20-cr-206 (WFK) (E.D.N.Y. July 1, 2020), ECF Order; *United States v. Mattis et al.,* No. 20-cr-203 (BMC) (E.D.N.Y. July 15, 2020), ECF Order; *United States v. Camacho Torres,* No. 20-cr-225 (ARR) (E.D.N.Y. July 27, 2020), ECF Order); *United States v. Harrell et al.,* No. 20-cr-240 (CBA) (E.D.N.Y. July 27, 2020); *United States v. O'Sullivan et al.,* No. 20-cr-272 (PKC) (E.D.N.Y. Aug. 7, 2020), ECF Order; *United States v. Williams,* No. 20-cr-273 (NGG) (E.D.N.Y. Aug. 21, 2020).

District was in a different posture when it coordinated disclosure of grand jury information with defense counsel in *United States v. Balde,* 20-CR-281 (KPF) (S.D.N.Y). Nevertheless, this Court's footnoted observation that the government advanced different positions in the Eastern and Southern Districts, fails to provide a basis to meet the stringent standards necessary to grant the government's motion for reconsideration.

The government's final argument, raised for the first time in its reconsideration motion, is that the Court afforded disclosure beyond what the Circuit endorsed in *United States v. Miller,* 116 F.3d 641 (2d Cir. 1997), a case not discussed previously by the government. The government now contends that the JSSA cabins discovery to the four demographic categories of the master jury wheel data that the government consented to in its initial filings.  Contrary to the government's contention, the Second Circuit in *Miller* previously approved the district court's grant of discovery beyond generalized master wheel data, including completed jury questionnaires and the testimony of the district's jury administrator.  *See Miller,* 116 F.3d at 658.[4]

---

[4] The government also contends that, in granting Request Numbers 7, 11, 12, 17, 19, 21, 22 and 23, the court has asked the Clerk of Court to conduct analysis of the sort that, should the court have required it, may have gone beyond the Circuit's holding in *Miller*.  *Miller*, 116 F.3d at 658.  However, a close reading of the Court's order granting the Defendants' Motion to Inspect Grand Jury Records evinces that, for each of the requests at issue, the Court requires that "[t]he Clerk of Court shall provide this information *to the*

6

Moreover, the Court declines to further consider the government's argument regarding *Miller* at this stage, because the government's belated contention regarding *Miller* "advance[s] a new argument in a motion to reconsider," which it "may not do," and as a result, this "argument is waived." *Pena-Rosario v. Reno,* 2000 WL 620207, at *1 (E.D.N.Y. 2000) (citing *Eisemann v. Greene,* 204 F.3d 393, 395 n. 2 (2d Cir. 2000)).

None of the government's arguments meet the strict standard for a motion for reconsideration or otherwise identify "controlling decisions or data that the court overlooked." *Bougopoulos,* 2019 WL 3252748, at *1. "A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously" or merely provide "supplementation to arguments" it unsuccessfully advanced originally. *United States v. Gross,* 2002 WL 32096592, at *4 (E.D.N.Y. 2002). The government has not identified any controlling law that was overlooked or changed, and has not shown clear error or manifest injustice[5] that must be corrected. The Court therefore denies

---

*extent this information is maintained*." ECF No. 85 at 10-17 (emphasis added).

[5] The government argues that the Court's decision will cause "distraction and delay" if the Defendants subsequently file a motion citing the disclosed grand jury records. ECF No. 91 at 3. As the Defendants argue, the law of the cases before my colleagues remain controlling. Furthermore, a strict protective order has been put in place, limiting the use of the underlying data to the instant case alone. As a result, the government's concern about a subsequent defense motion does not rise to the level of "manifest injustice." *YLL Irrevocable Tr.,* 729 F.3d at 104.

7

the motion for reconsideration and denies as moot the motion to stay.

## CONCLUSION

For the reasons set forth above, the government's motion for reconsideration of the Court's August 21, 2020 decision granting defendants' motion to inspect grand jury records and to stay the August 21, 2020 decision are denied.

**SO ORDERED.**

Dated:   September 29, 2020
         Brooklyn, New York

_____/s/_____
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York