

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

KDE:MEG/JRS
F.# 2018R01858

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 1, 2020

By ECF

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Tyshawn Corbett, et al.
                Criminal Docket No. 20-213 (KAM)

Dear Judge Matsumoto:

      The government respectfully moves for a protective order, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, that would authorize the production of redacted copies of certain limited discovery material (the "Protected Material") to the defendants in the above-captioned matter and unredacted copies of the Protected Material to the defendants' counsel, who would then be restricted from disseminating it beyond their legal staff.  Counsel for each of the defendants has consented to this proposal.

Background

      On June 18, 2020, a grand jury returned a twenty-count indictment variously charging the defendants with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d), Violent Crimes In-Aid-Of Racketeering, in violation of 18 U.S.C. § 1959, Unlawful Use of Firearms During a Crime of Violence, in violation of 18 U.S.C. § 924(c), Interstate Stalking, in violation of 18 U.S.C. § 2261; and Accessory After-The-Fact, in violation of 18 U.S.C. § 3 (the "Indictment").

      Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government intends to produce affidavits submitted in support of various search warrants that contain information identifying certain victims and information learned from one or more confidential witnesses, which information may tend to identify said witnesses.  In order to protect the safety of said witnesses, the government has proposed—and counsel for each defendant has agreed—that the government will provide two sets of the affidavits.  The first set, which can be provided to the defendants, will be modified to have information that may

tend to identify any confidential witness or victim redacted. The second set, which will be unredacted and clearly marked "Subject to Protective Order," will be provided to the defendants' counsel, who will be directed (i) not to copy or disseminate the material (including to their client, who may only review such material in the presence of their attorneys or attorneys' staff); and (ii) to return it to the government upon the conclusion of this case.

## Discussion

Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that, upon a sufficient showing, a court may order that the discovery or inspection of material that is otherwise required be denied, restricted or deferred. A decision to enter such an order is a matter for the discretion of the district court, and will not be overturned absent an abuse of that discretion. United States v. Merrill, 746 F.2d 458, 465 (2d Cir. 1985).

The danger posed to witnesses as a result of the unwarranted disclosure of discovery and Jencks Act materials is significant. As the court in United States v. Garcia, 406 F. Supp. 2d 304 (S.D.N.Y. Oct. 18, 2005), explained:

> There will be cases . . . in which a casual attitude toward the handling of 3500 material is ill advised. . . . In particular, the wide dissemination of statements by cooperating witnesses who are regarded as "snitches" or "rats" by their criminal associates . . . poses obvious dangers. It is not enough to say . . . that the damage is done by the mere disclosure that a witness has cooperated with the authorities. Hard evidence of the witness's betrayal can facilitate retaliation or intimidation of the witness. It is therefore appropriate, in a case where such retaliation may be feared, to restrict the circulation of such material.

Garcia, 406 F. Supp. 2d at 306. Although the records are discoverable pursuant to Rule 16, rather than the Jencks Act, the same rationale applies and is, if anything, intensified because when records are provided pursuant to Rule 16, defendants and their co-conspirators have more time to destroy evidence and to retaliate against and/or intimidate witnesses. In this case, the defendants have a powerful incentive to prevent the current investigation from extending beyond the current charges, and to discourage witnesses and victims from providing testimony against them given the charges already returned in the Indictment.

The government requests that the Court issue the proposed protective order to protect the safety of victims and any confidential witness and to prevent witness intimidation. The affidavits are not voluminous, and there will be no significant onus upon the defendants' counsel or counsels' staff to review the redacted portions of the material with them by phone. In addition, the proposed protective order will not prejudice the defendants, who will still be able to review and assess such material with their attorneys.

        For the foregoing reasons, the government respectfully requests that the Court enter the enclosed proposed protective order.

        Respectfully submitted,

        SETH D. DUCHARME
        Acting United States Attorney

By:       /s/
        Margaret E. Gandy
        Jonathan Siegel
        Assistant U.S. Attorneys
        (718) 254-6213/6293

Enclosure (Proposed Protective Order)

cc:    Clerk of Court (KAM) (by ECF)
       Defense Counsel (by ECF)